22-863 (L)
*Loomis v. ACE American Insurance Company*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand twenty-four.

PRESENT:
              JOSEPH F. BIANCO,
              BETH ROBINSON,
              ALISON J. NATHAN,
                     *Circuit Judges.*
_____

WILLIAM LOOMIS,

              *Plaintiff-Appellant-Cross-Appellee*,

                     v.                                    No. 22-863, 22-1037

ACE AMERICAN INSURANCE COMPANY,

              *Defendant-Appellee-Cross-Appellant*.
_____

FOR APPELLANT:                          MICHAEL J. LONGSTREET, Longstreet &
                                        Berry, LLP, Fayetteville, NY (Martha L.

Berry, Longstreet & Berry, LLP,
Fayetteville, NY, *on the brief*).

FOR APPELLEE:               KURT M. MULLEN, Nixon Peabody LLP,
Boston, MA (Michael B. DeLeeuw,
Tamar S. Wize, Cozen O'Connor, New
York, NY, *on the brief*)

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's summary judgment in favor of ACE with respect to Loomis's claim for UM/UIM coverage under Indiana law is **VACATED** and the case **REMANDED** for further proceedings consistent with this order.

This case returns to us following the Indiana Supreme Court's resolution of certified questions. *Loomis v. ACE American Insurance Company*, __ N.E.3d __, 2024 WL 4614631 (Ind. Oct. 30, 2024) ("*Loomis IV*").

Plaintiff William Loomis is a truck driver who was injured in a car accident in New York. His truck was garaged in Indiana. Loomis recovered some damages from the underinsured tortfeasor's insurer, and subsequently sought underinsured motorist coverage for his remaining damages from Defendant ACE

2

American Insurance Company ("ACE"), his employer's insurance company.  He made distinct arguments under New York and Indiana law.

The United States District Court for the Northern District of New York awarded summary judgment to ACE with respect to Loomis's New York law claim.  *Loomis v. ACE American Insurance Co.*, 517 F. Supp. 3d 95 (N.D.N.Y. 2021) ("*Loomis I*").  With respect to the Indiana law claim, the district court ruled that because its policy was "excess" over a retained limit rather than over an underlying insurance policy, ACE could not invoke the exemption from that state's mandatory underinsured motorist (UM) and uninsured motorist (UIM) requirements that apply to "commercial umbrella or excess liability" policies.  *Id*. at 110 (quoting Ind. Code § 27-7-5-2(e)); *see id.* at 105–14.  However, following supplemental briefing, the district court ruled that the $3 million retained limit in the ACE policy constituted a valid condition precedent to ACE's liability that did not violate the UM/UIM statute.  *Loomis v. ACE American Insurance Co.*, 593 F. Supp. 3d 34, 44–46 (N.D.N.Y. 2022) ("*Loomis II*").  Accordingly, because the retained limit had not been exhausted, the district court granted summary judgment to ACE with respect to Loomis's claim under Indiana law to UIM coverage under the ACE policy.  *Id*. at 48.

3

Loomis appealed, challenging the district court's ruling for ACE on Loomis's New York law claims and its conclusion that under Indiana law ACE could require exhaustion of the $3 million retained limit before it would be liable for UM/UIM coverage. ACE cross appealed, challenging the district court's conclusion that the ACE policy did not fall into the "commercial umbrella or excess liability" exemption to Indiana's UM/UIM requirements.

On appeal, we affirmed the district court's summary judgment for ACE with respect to Loomis's New York law claim. *Loomis v. ACE American Insurance Company*, 91 F.4th 565, 572–73 (2d Cir. 2024) ("*Loomis III*"). But we could not confidently predict how the Indiana Supreme Court would resolve two questions of Indiana law at the heart of Loomis's appeal and ACE's cross appeal. *Id*. at 579, 581. We accordingly certified two questions to the Indiana Supreme Court:

1. Is an insurance policy that provides automobile liability insurance in excess of a retained limit, as opposed to in excess of a primary liability insurance policy, a "commercial excess liability policy" within the meaning of Indiana Code § 27-7-5-2(d)?

2. If not, if an insurer issues an automobile liability policy with a $7 million liability limit applicable only after a $3 million retained limit is exhausted, is that insurer's statutory obligation to provide UIM coverage subject to a $3 million retained limit?

*Id*. at 582.

4

This case now returns to us following the Indiana Supreme Court's resolution of these certified questions. *Loomis IV*, 2024 WL 4614631. Familiarity with the record and argument in this case, and in particular with our decision in *Loomis III* and the Indiana Supreme Court's decision in *Loomis IV*, are presumed.

The Indiana Supreme Court's answers to our certified questions definitively resolve both parties' challenges to the district court's summary judgment for ACE on the Indiana law claims. First, the Indiana Supreme Court concluded that because the motor vehicle liability insurance policy ACE issued to Loomis's employer is "excess" to a $3 million retained limit rather than to an underlying primary policy, it is not subject to the "commercial excess liability policy" exemption from Indiana's UM/UIM requirements. *Loomis IV*, 2024 WL 4614631, at *3 (discussing § 27-7-5-2(a) and § 27-7-5-2(d)(1)). On this question, the district court's assessment of Indiana law hit the mark. *See Loomis I*, 517 F. Supp. 3d at 103–15. The Indiana Supreme Court has confirmed that the ACE policy is *not* exempt from Indiana's UM/UIM requirements.

Second, the Indiana Supreme Court held that an insurer subject to Indiana's UM/UIM requirements "has a statutory obligation to provide UIM coverage—regardless of an imposition of a retained limit as a condition

5

precedent." *Loomis IV*, 2024 WL 4614631, at *9. This holding contradicts the district court's judgment in *Loomis II*. *See Loomis II*, 593 F. Supp. 3d at 48 (concluding that applying the retained limit in the ACE policy as a condition precedent to coverage is not prohibited by or incompatible with Indiana's UM/UIM statute). For that reason, the district court's judgment for ACE on the Indiana law claims cannot stand. Under Indiana law, ACE cannot treat the $3 million retained limit in its policy as a condition precedent to its obligation to provide UM/UIM coverage to Loomis. *Loomis IV*, 2024 WL 4614631, at *9.

Accordingly, we **VACATE** the district court's summary judgment in favor of ACE with respect to Loomis's claim for UM/UIM coverage under Indiana law and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court